UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID G. COX,

            Petitioner,

v.

STEWART T. ECKERT,

            Respondent.
_____

DECISION AND ORDER

17-CV-6634L

   Petitioner, David G. Cox, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in Supreme Court, Monroe County of criminal sexual act in the first degree (N.Y. Penal Law § 130.50). Cox is currently serving a sentence of ten years imprisonment, followed by ten years of post-release supervision.

## FACTUAL BACKGROUND

   Cox was charged with one count of first-degree rape and two counts of first-degree criminal sexual act. The victim, "H.B.," alleged that Cox raped her and orally and anally sodomized her at her home on the evening of February 14, 2009.

   After a non-jury trial, the court found Cox guilty of the two counts of first-degree criminal sexual act, but not guilty of first-degree rape. On appeal, the Appellate Division, Fourth Department, held that the third count, charging Cox with engaging in anal sexual contact with the victim by forcible compulsion, was rendered duplicitous by H.B.'s testimony. The court stated

that because she testified that the acts of anal sexual contact occurred "more than once" over the course of a two-hour incident, "such acts did not constitute a continuous offense." *People v. Cox*, 145 A.D.3d 1507, 1507 (4th Dep't 2016). The court reversed Cox's conviction on that count, and dismissed that count without prejudice to the state's "re-present[ing] any appropriate charges under that count of the indictment to another grand jury." *Id.* at 1508.[1]

The Appellate Division affirmed Cox's conviction on the second count, which charged forcible oral sexual contact. The court held that the verdict on that count was not against the weight of the evidence, and that the trial court was entitled to credit H.B.'s testimony that Cox forced her to have sexual contact, and to reject Cox's testimony that such contact was consensual. *Id.* The court also rejected Cox's other grounds for relief, including his contentions that the trial court erred in refusing to substitute new appointed counsel, and that the court abused its discretion in refusing to direct production of H.B.'s psychiatric records for *in camera* review. *Id.* The New York Court of Appeals denied Cox's petition for leave to appeal, 29 N.Y.3d 1030 (2017).

Cox's petition before this Court, liberally construed, asserts three claims. First, he asserts that the trial court's verdict was inconsistent.

The basis for the second ground for relief is not entirely clear. Cox asserts that he "may have been convicted of a crime [he] was not indicted for," because both he and H.B. "testified to engaging in oral sexual conduct more than once while engaged in a couple of rounds of sex." (Dkt. #1 at 10.)

---

[1] It does not appear that the state ever did so.

The basis for the third ground is also difficult to discern. Cox states that the "[a]ppellate court's weight of the evidence review was an unreasonable determination of the facts." *Id.* at 12. In short, this appears to be a broad-based attack on the Appellate Division's decision, arguing that the state court erred in multiple ways.

## DISCUSSION

**I. Inconsistent Verdict**

In his first ground for relief, Cox states that he was found not guilty on the first count, but guilty on the other two, "where all crimes arose from [the] same set of facts, and shared an essential element that was found to exist and not to exist." (Dkt. #1 at 7.) He appears to argue, then, that the trial court's verdict was internally inconsistent.

This claim must be dismissed. First, it is unexhausted, and Cox has failed to show cause or prejudice with respect to his procedural default.

Generally, a federal court cannot review a habeas petition unless the petitioner "has exhausted the remedies available" to him in the state courts. 28 U.S.C. § 2254(b)(1)(A). *See Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) ("To provide the state with the first opportunity to consider and correct alleged violations of its prisoners' constitutional rights, a state prisoner is required to exhaust all of his available state remedies before a federal court can consider his habeas application"). To satisfy this requirement, the petitioner must show that he fairly presented his federal claim to the highest state court from which a decision can be rendered. *Daye v. Att'y Gen'l of N.Y.*, 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc).

If the petitioner failed to raise a claim on direct review, and can no longer do so, the claim is deemed to be exhausted, but is procedurally defaulted. *See Jackson*, 763 F.3d at 133 ("if the state prisoner fails to exhaust his state remedies in a manner in which, were he to return to the state courts with his unexhausted claim, those courts would find the claim barred by the application of a state procedural rule, 'we must deem the claim procedurally defaulted'") (quoting *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001)) (additional internal quotes omitted). *Accord DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (citing *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989)).

Although defaulted claims are generally deemed to be exhausted, "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted [on] those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996). As the Second Circuit has explained,

> [t]his apparent salve [*i.e.*, that a claim is deemed exhausted if the petitioner can no longer raise it in state court] proves to be cold comfort to most petitioners because ... when "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts also must deem the claims procedurally defaulted."

*Aparicio*, 269 F.3d at 90 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

That does not mean that procedurally defaulted claims are necessarily barred, however. "Where a [petitioner] has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the [petitioner] can first demonstrate either 'cause' and

4

actual 'prejudice,' or that he is 'actually innocent.'" *Danielson v. Lee*, 715 Fed.Appx. 45, 47 (2d Cir. 2017) (quoting *DiSimone v. Phillips*, 461 F.3d 181, 190-91 (2d Cir. 2006) and *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

In general, "cause" for the default can be demonstrated by "showing that the factual or legal basis for a claim was not reasonably available to counsel[,] ... that 'some interference by state officials' made compliance impracticable[,] ... [or that] the procedural default is the result of ineffective assistance of counsel." *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," the petitioner must show that but for the default, either the verdict or the sentence would likely have been different, but for the underlying alleged errors or constitutional violations. *United States v. Stubbs*, __ Fed.Appx. __, 2018 WL 6822296, at *1 (3d Cir. 2018); *see also McCrae v. Artus*, No. 10-CV-2988, 2012 WL 3800840, at *4 (E.D.N.Y. Sept. 2, 2012) ("prejudice" means that the errors in the trial court "worked to [the petitioner's] actual and substantial disadvantage") (quoting *Murray v. Carrier*, 477 U.S. 478, 484 (1986)).

It is well established that "a petitioner seeking to overcome the hurdle of a procedural default must demonstrate *both* cause for the default *and* prejudice attributable thereto." *Walker v. Conway*, No. 04-CV-6056, 2007 WL 9225072, at *12 (W.D.N.Y. June 25, 2007) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982). Therefore, "[f]ailure to make a showing on either cause or prejudice means that a petitioner will not be able to overcome the procedural default." *Id.*

In the instant case, Cox did not raise his inconsistent-verdict claim in state court. In his petition before this Court, and in his supporting papers, plaintiff argues that he implicitly raised this issue in his "weight of the evidence argument" in his state appeal. Dkt. #9 at 3. That

contention is easily refuted by a reading of Cox's appellate brief in state court. *See* State Court Record ("SR") vol. 1 at 1-24, 157-63. He simply did not raise that argument in the state courts, and he has not demonstrated that he was in any way prevented from doing so.

Nor can Cox show prejudice resulting from the default. For one thing, inconsistent verdicts are not a proper ground for federal habeas relief. *Suarez v. Bennett*, 207 Fed.Appx. 114, 116 (2d Cir. 2006) ("we are not permitted to grant habeas simply because a jury's verdicts are inconsistent") (citing *Harris v. Rivera*, 454 U.S. 339, 345-48 (1981) (per curiam)). It is a long-standing rule that "[a] criminal defendant who is convicted ... on one count may not attack his conviction on the ground that it is inconsistent with [his] acquittal on another count." *United States v. Jones*, 697 Fed.Appx. 205, 205 (4th Cir. 2017) (citing *Dunn v. United States*, 284 U.S. 390 (1932)). *See also United States v. Powell*, 469 U.S. 57, 65 (1984) (holding that the Constitution tolerates inconsistent verdicts).

In any event, Cox has not demonstrated that the verdict here was inconsistent, in the first place. In his brief, Cox argues for what amounts to an all-or-nothing approach; in other words, that he either did all the acts of which he was accused, or that he did not commit any of them. But the acts alleged were plainly distinct from each other. Each count alleged a different type of forcible sexual act. There is nothing inconsistent about the trial court's verdict acquitting Cox of rape but finding him guilty of the other two counts.

**II. Conviction of Unindicted Crime**

As stated, it is difficult to decipher the basis for Cox's second ground for relief. His assertion that he and H.B. "engag[ed] in oral sexual conduct more than once" suggests that he is

arguing that the second count was duplicitous, but in his brief, Cox expressly disavows any such argument. He repeats that his "claim is a contention that he may have been convicted of an unindicted crime." (Dkt. #9 at 5.) How that might be, is not explained.

This claim is dismissed, essentially for the reasons stated with respect to Cox's first ground for relief. It was not raised in the state courts, is not cognizable on federal habeas review, and it patently without merit.

### III. Weight of the Evidence

Cox's third ground for relief presents a grab-bag of arguments, mostly relating to his assertion that the "[a]ppellate court's weight of the evidence review was an unreasonable determination of the facts." (Dkt. #1 at 12.) It is fair to characterize this ground as asserting that, to the extent that the appellate division affirmed Cox's conviction, its decision was erroneous in virtually every respect.

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Johnson v. Director, TDJC-CID*, No. 16cv199, 2018 WL 6424770, at *1 (E.D.Tex. Oct. 31, 2018). *See also Ponnapula v. Spitzer*, 297 F.3d 172, 182-83 (2d Cir. 2002) (cautioning against fashioning "every nuance of state law ... into a [legal insufficiency] problem, thereby transforming federal habeas courts into super-appellate state courts," a role which "[b]oth Congress and the Supreme Court prohibit for federal habeas courts").

In particular, a "weight of the evidence" claim does not provide a basis for federal habeas relief. *See Ward v. Herbert*, 509 F. Supp. 2d 253, 264 & n.3 (W.D.N.Y. 2007). *See also*

7

*McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 Fed.Appx. 69, 75 (2d Cir. 2011) ("[T]he argument that the verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus") (citing cases). Insofar as Cox attempts to assert other bases for relief in his third ground, they likewise present no more than issues of state law, and are duplicative of his assertions in grounds one and two.

## CONCLUSION

For all of the reasons stated above, there is no basis to grant the petition for habeas corpus relief. Therefore, the petition for a writ of habeas corpus (Dkt. # 1), is DENIED. The Court also denies issuance of a certificate of appealability because petitioner has failed to make a substantial showing of the denial of any constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 8, 2019.